UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | | |
|---|---|---|
| JASBIR SINGH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:26-cv-00166-SEB-TAB |
| | ) | |
| SCOTT A. MAPLES, JR. Warden, Clark County Jail, *et al.*, | ) | |
| | ) | |
| | ) | |
| Respondents. | ) | |

**ORDER GRANTING PETITION FOR A WRIT OF HABEAS CORPUS**

Noncitizen Jasbir Singh petitions for a writ of habeas corpus. He challenges the lawfulness of his continued detention at the Clark County Jail, where he is detained on behalf of U.S Immigration and Customs Enforcement (ICE). The Court **grants** Mr. Singh's petition and orders the respondents to either afford him a bond hearing or release him from custody.

**I. Facts**

Mr. Singh is an Indian citizen and national. Dkt. 11-1 at 7. He entered the United States without inspection in 2020 and filed an asylum petition, which is pending. Dkt. 1-1 at 28–43; dkt. 7 at 1. He has resided in the United States since entering and had no other interaction with immigration officials until December 2025.

On December 26, 2025, ICE officers confronted Mr. Singh at an interstate rest stop near Buffalo, New York. After determining that Mr. Singh was not lawfully present in the United States, the officers arrested him. Dkt. 11-1 at 2. He has been in ICE custody ever since and is currently detained at the Clark County Jail.

1

Immigration officials initiated a full removal proceeding under 8 U.S.C. 1229a. Dkt. 11-1 at 7. On June 8, an immigration judge denied Mr. Singh's request to be released on bond on grounds that Mr. Singh is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Dkt. 11-1 at 14.

### II. Analysis

A federal court may issue a writ of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Mr. Singh argues that his continued detention violates the Immigration and Nationality Act (INA) and the Fifth Amendment's due process clause. The respondents answer that the INA not only authorizes but requires the government to detain Mr. Singh through the conclusion of his removal proceedings.

Mr. Singh's continued detention without possibility of bond violates the INA and entitles him to habeas relief in the form of a bond hearing. On this basis, the Court grants his petition in part and denies it in part.

### A.    8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. [T]he Attorney General—
>
> (1) may continue to detain the arrested alien; and
>
> (2) may release the alien on—
>
>> (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>>
>> (B) conditional parole[.]

An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see* also 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. 8 U.S.C. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

**B.      Mr. Singh's Detention Is Authorized by § 1226(a)**

The record reflects that Mr. Singh's detention is authorized by § 1226(a). As discussed further below, this makes him eligible for a bond hearing, and his continued detention without a bond hearing violates the INA.

The Court has previously determined that, considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Singh who have lived in the interior of the United States for years. *See, e.g.*, *Singh v. Bondi*, No. 1:25-cv-02101-SEB-TAB, 2025 WL 3029424, at *3–5 (S.D. Ind. Oct. 30, 2025). As the Court has previously explained, the respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice. *See Alejandro v. Olson*, No. 1:25-CV-02027-JPH-MKK, 2025 WL 2896348, at *14–19 (S.D. Ind. Oct. 11, 2025).

In *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, a decision that carries persuasive authority due to its procedural posture,[1] the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th 1048, 1061 (7th Cir. 2025) (*Castañon-Nava I*). This Court has applied those established canons of statutory interpretation in its previous cases and has reached the same conclusion.

The respondents urge the Court to deviate from its previous decisions. They support that position with citations to two recent circuit court decisions: *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026), and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

In *Buenrostro-Mendez*, the Fifth Circuit found that "seeking admission" is a permissible redundancy for "applicant for admission." 116 F.4th at 503.[2] In *Avila*, the Eighth Circuit similarly

---

[1] *See Morales Perez v. Walsh*, 820 F. Supp. 3d 732, 736 (N.D. Ill. 2026) ("At a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

[2] *Buenrostro-Mendez* is somewhat complicated by *Rodriguez v. Ortega*, --- F.4th ---, No. 26-50183, 2026 WL 1906557 (5th Cir. July 2, 2026). The Fifth Circuit left *Buenrostro-Mendez*'s interpretation of §§ 1225 and 1226 in place but also held that noncitizens subject to detention under § 1225(b)(2)(A) have a Fifth Amendment due process right to a bond hearing. *Id.* at *16 ("We conclude that the Government may detain aliens under Section 1225(b)(2)(A) for ninety days but no longer without a bond hearing. . . . We are not ordering any particular process, and it is for the defendants to determine in what manner to provide such a hearing within those 90 days. . . . Our only requirement is that a hearing must be held within 90 days of the commencement of detention and that at the hearing, the Government must articulate an individualized justification for further detention without bond.").

To further complicate matters, the Fifth Circuit recently vacated its panel decision in *Rodriguez* after granting rehearing *en banc*. 2026 WL 2014647 (5th Cir. July 10, 2026).

Because this Court concludes that Mr. Singh is entitled to a bond hearing by § 1226(a), the Court need not consider *Rodriguez*'s application to this case or what relief might be available under the Fifth Amendment.

held that the meanings of "applicant for admission" and "seeking admission" and the grammatical structure of 8 U.S.C. § 1225(b)(2)(A) show that "in the context of the statute the two phrases are synonymous." 170 F.4th 1128, 1135 (8th Cir. 2026).

In contrast, four circuit courts have rejected the respondents' expansive interpretation of § 1225 in recent weeks and embraced reasoning similar to the Seventh Circuit's in *Castañon-Nava I. See Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026);[3] *Hernandez Alvarez v. Warden.*, 175 F.4th 1258 (11th Cir. 2026);[4] *Lopez-Campos v. Raycraft.*, 175 F.4th 713 (6th Cir. 2026);[5] *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026).[6]

The Court is not convinced that the Seventh Circuit will depart from *Castañon-Nava I* (and disagree with the Second, Sixth, Tenth, and Eleventh Circuits) to instead follow *Buenrostro-*

---

[3] "The only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border. Since § 1225(b)(2)(A) applies only to those seeking admission, § 1225(b)(2)(A) is likewise limited to the border." *Id.* at *7 (footnote omitted).

[4] "Simply put, the language that Congress has chosen to use does not grant to the Executive unfettered authority to detain, without the possibility of bond, every unadmitted alien present in the country. Nowhere in the text, structure, or history of the INA does that reading find steady footing. We are obliged to read the words found in the statute—'an alien who is an applicant for admission' and 'an alien seeking admission'—in line with the meaning Congress has given them. When we do so, it appears to us that Congress has instead preserved the longstanding border-interior distinction for purposes of detention, a position it has taken for over a hundred years." *Id.* at 1285.

[5] "We therefore find that an 'applicant for admission' is not necessarily 'seeking admission.' Because no Petitioner is alleged to be seeking admission or lawful entry into the United States, § 1225(b)(2)(A)'s mandatory detention scheme does not apply to them. And since '§ 1226 applies to aliens already present in the United States' and 'creates a default rule for those aliens by permitting—but not requiring—the Attorney General to issue warrants for their arrest and detention pending removal proceedings,' Petitioners could have been detained pursuant to only § 1226." *Id.* at 732.

[6] "Although divided panels in two other circuits have agreed with the government, . . . we respectfully find the statutory analysis in those decisions, which largely mirrors the government's flawed arguments in this case, to be unpersuasive. . . . [B]ecause Section 1225(b)(2)(A) applies only to a noncitizen who is both an 'applicant for admission' and 'seeking admission,' it does not apply to Petitioner." *Id.* at 72–73.

6

*Mendez* or *Avila*. Therefore, the Court continues to rely on *Castañon-Nava I* as persuasive precedent.[7]

In sum, the record demonstrates that Mr. Singh's detention is authorized only by § 1226(a), entitling him to consideration of bond.

**C.    Scope of Relief**

Mr. Singh is eligible for release on bond under § 1226(a), and he has not received a bond hearing. His continued detention without a bond hearing therefore violates "the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984).

Mr. Singh argues that he is entitled to immediate release from custody. Immediate release is the customary remedy in habeas proceedings. *See Thuraissigiam*, 591 U.S. at 107 ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, Mr. Singh maintains—and the Court agrees—that he is subject to § 1226(a), which allows the government to "continue to detain" him. 8 U.S.C. § 1226(a)(1). Mr. Singh's custody is not unlawful because of the very fact that he is detained. Rather, his custody is unlawful because he has not received the bond hearing that the law requires. Therefore, the Court grants Mr. Singh's petition and orders the respondents to afford him a bond hearing or release him from custody.[8]

---

[7] The Seventh Circuit has also issued its merits ruling in *Castañon-Nava*, 175 F.4th 828 (7th Cir. 2026) (*Castañon-Nava II*).  The ultimate issue in *Castañon-Nava* was ICE's compliance with a consent decree prohibiting it from arresting noncitizens without warrants. While one judge reaffirmed the § 1225-1226 analysis that resolved the preliminary injunction motion, one reaffirmed his dissent from that analysis, and one found the § 1225-1226 issue was not necessary to resolve the case on the merits. Accordingly, *Castañon-Nava I*'s preliminary injunction ruling remains persuasive authority as the only Seventh Circuit panel decision on the §§ 1225-1226 issue.

[8] Mr. Singh argues that "§ 1226(a) cannot justify detention, either—at least not without due process, including a constitutionally adequate hearing at which the government establishes that changed

**D.    Remaining Claims**

Because the Court has found that Mr. Singh's detention violates the INA, it need not reach his claim that his detention violates the Fifth Amendment. *See Thomas v. Illinois*, 697 F.3d 612, 613 (7th Cir. 2012) ("[C]onsistent with the principle of avoiding unnecessary constitutional decisionmaking, judges are to address the statutory defense before the constitutional.").

For related reasons, the Court also does not reach Mr. Singh's argument that, if his relief is limited to a bond hearing, the Court must place specific constraints on the immigration judge's decision-making. Dkt. 7 at 13. The Seventh Circuit has not answered the question of who bears the burden of proof in an administrative bond hearing, and the circuits that have answered the question have not answered in unison. Section 1226 is silent as to the burden of proof, so Mr. Singh's argument must be purely constitutional. A bond hearing without Court-imposed instructions regarding the burden of proof may yet result in his release on bond, or it may result in the denial of bond for reasons unrelated to the burden of proof. Mr. Singh's detention is currently unlawful because he has been deprived of a bond hearing—not because the government conducted a bond hearing that failed to conform to specific standards. At this point, it is prudent for the Court to avoid an unnecessary constitutional decision. *Thomas*, 697 F.3d at 613.

Finally, the Court acknowledges Mr. Singh's arguments that his medical condition and his custodians' failure to provide adequate medical care make his continued detention unlawful. Of course, Mr. Singh has a right under the Fourteenth Amendment to humane treatment, including adequate medical care, during his detention. *See generally McGee v. Adams*, 721 F.3d 474, 480 (7th Cir. 2013). However, the Seventh Circuit has explicitly rejected the notion that habeas corpus offers a remedy for even unconstitutional deprivations of medical care:

---

circumstances justify his re-detention." Dkt. 14 at 3. In other words, Mr. Singh agrees that § 1226(a) applies and entitles him to a bond hearing.

> Glaus's habeas corpus petition would be proper if release were among the possible remedies for an Eighth Amendment deliberate indifference claim. Unfortunately for Glaus, it is not. If an inmate established that his medical treatment amounts to cruel and unusual punishment, the appropriate remedy would be to call for proper treatment, or to award him damages; release from custody is not an option.

*Glaus v. Anderson*, 408 F.3d 382, 387 (7th Cir. 2005).

Mr. Singh's medical condition and his difficulty in obtaining proper treatment may offer the immigration judge a compelling reason to order that he be released on bond. The federal respondents may be wise to move Mr. Singh to a facility that can meet his medical needs, and the Clark County respondents may have a constitutional obligation to offer medical care that they have not yet provided. But this Court cannot order Mr. Singh released from custody for medical reasons, and any claims to different medical care must be litigated through a civil lawsuit rather than a habeas petition.

### III. Conclusion

The petition for a writ of habeas corpus is **granted** insofar as the respondents will have **ten days**[9] to either (1) provide Mr. Singh with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations, or (2) release him from detention under reasonable conditions of supervision. The attorney general shall notify Mr. Singh's counsel of the scheduling of any bond hearing or of his release. Respondents must file documentation certifying that they have either provided the bond hearing or released Mr. Singh within **two days** after the hearing or his release, whichever is applicable.

The petition is **denied** to the extent it seeks immediate release.

Mr. Singh's motions for preliminary injunctive relief, dkts. [8] and [15], are **denied** as moot given the resolution of this case on the merits.

---

[9] This deadline may be modified without need for Court involvement upon agreement by Mr. Singh and the federal respondents.

The **clerk is directed** to enter **final judgment**.

**IT IS SO ORDERED.**

Date: _____7/30/2026_____

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

R. Jeffrey Lowe
KIGHTLINGER & GRAY, LLP (New Albany)
jlowe@k-glaw.com

Florence Italia Patti
Indiana Federal Community Defenders
italia.patti@fd.org

Paul Umbaugh, IV
DOJ-USAO
paul.umbaugh@usdoj.gov